CV 12 - 4102

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EFRAIM SETTON AND SARA MINA SETTON
on behalf of themselves and
all other similarly situated consumers,

                                  Plaintiffs,

-against-

**SUMMONS ISSU**[ED]

COHEN HURKIN EHRENFELD POMERANTZ
& TENENBUM, LLP.

                                  Defendant.         **VERIFIED COMPLAINT**
-----------------------------------------------------------X

**CLASS ACTION COMPLAINT**     MAUSKOPF, J.

*Introduction*                    **GOLD, M.J.**

1.    Plaintiffs Efraim Setton and Sara Mina Setton seek redress for the illegal practices of Cohen Hurkin Ehrenfeld Pomerantz & Tenenbum, LLP., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2.    Plaintiffs are citizens of the State of New York who reside within this District.

3.    Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiffs a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Brooklyn, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

1

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Efraim Setton and Sara Mina Setton*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

10. The debt was allegedly incurred by the Plaintiff Efraim Setton and Sara Mina Setton to Mivzah Realty Corp..

11. That the nature of the alleged debt, to wit, past due rent, was primarily for the personal, family and/or household purposes of the Plaintiff.

12. Upon information and belief, on behalf of Mivzah Realty Corp., Defendant prepared, authorized, sent, caused to be sent and/or communicated a letter demanding, directly or indirectly, the payment of alleged past due rent, dated May 25, 2011 (the "Letter").

13. The Letter demanded the payment of two thousand five hundred and three dollars and 72 cents ($2503.72), which was allegedly past due and owing to Mivzah Realty Corp.

14. The Letter threatens: "TAKE NOTICE that you are justly indebted to the Landlord of the above described premises in the sum of $2503.72 for rent of said premises from March 1, 2011 to May 31, 2011, which you are required to pay on or before June 6, 2011, a date following expiration of five (5) days from service of this Notice......"

15. The Letter also contains a notation "File # 0280000 - Form # T174228" at the top of said letter.

16. The Letter warnings and notices of validation required by 15 U.S.C. §1692g and §1692e(11) were defective.

17. The Defendant otherwise failed to give the Plaintiffs notice of their rights as mandated by 15 U.S.C. § 1692g and §1692e (11) within five (5) days of Defendant's initial communication to the Plaintiffs.

18. The Defendant failed to otherwise advise the Plaintiffs of their rights pursuant to 15 U.S.C. §1692g within five (5) days of said initial communication.

19. Had the Plaintiffs been given notice of their rights pursuant to 15 U.S.C. §1692g, they would have promptly made such dispute, requested verification, settled and/or made payment of said amount demanded.

20. The said May 25, 2011 letter also stated, in pertinent part: "TAKE FURTHER NOTICE, that pursuant to the Fair Debt Collection Practices Act unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume that the debt is valid. If you so notify this office in writing within 30 days of receipt, then this office will obtain verification of the debt and mail you a copy of such verification."

21. Said language fails to advise the Plaintiffs that they can dispute a portion of the debt as well, which is an established violation.

22. Harvey v. United Adjusters, 509 F. Supp. 1218 (D. Or. 1981). The collector's verification notice violated the Act in that if it was sent, it did not state the right to dispute a portion of the debt and erroneously required any dispute to be in writing.

23. Foresberg v. Fidelity Nat'l Credit Servs., Ltd., 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004). The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act.

24. Bailey v. TRW Receivables Mgmt. Servs., Inc., 1990 U.S. Dist. LEXIS 19638 (D. Haw. Aug. 16, 1990). The § 1692g notice did not notify the consumer that any portion of the debt could be disputed

and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated § 1692g.

25. McCabe v. Crawford & Co., 272 F. Supp. 2d 736 (N.D. Ill. 2003). Failure to specify that any portion of the debt may be disputed also violated § 1692g(a). Omitting the words "in writing" from the validation notice violated § 1692g(a).

26. McCabe v. Crawford & Co., 210 F.R.D. 631 (N.D. Ill. 2002). A claim was stated where the collector's letter failed to inform the consumer that he may dispute "any portion" of the debt.

27. Beasley v. Sessoms & Rogers, P.A., 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010). The court found that the validation notice violated § 1692g(a)(4) by omitting the "in writing" requirement that she could dispute any portion of the debt.

28. The Defendant failed to provide a proper disclosure of the rights of consumer debtor to dispute the debt and request validation of the debt, as required by federal and state regulations and in doing so violated § 1692e False, Deceptive and Misleading.

29. Defendant completely failed to advise the Plaintiffs that they could dispute "a portion of the debt" and by that omission violated § 1692g(4). § 1692g(4) properly states "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

30. Upon information and belief, the Letter was the initial communication from the Defendant to the Plaintiffs, concerning the aforementioned alleged past due debt which it demanded.

31. Defendant failed to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

32. Said communication violated Section 1692e (11) in that the initial written communication should have stated that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

33. Said letter also fails to set forth the name and address of the debt collector in order for the consumer to contact the defendant to dispute the debt in violation of 15 U.S.C. 1692g and 1692e(10).

34. The absence of a return address on a debt collector's 30 day validation notice effectively nullifies the consumer's rights set out in § 805(c) and § 809(b) of the Act, 15 U.S.C. §§ 1692c(c), 1692g(b), which arise from a consumer's written notification to the debt collector. The lack of a return address on the notice is an unfair practice violative of § 15 USC 1692f of the FDCPA

35. Wegmans Food Mkts., Inc. v. Scrimpsher, 17 B.R. 999 (Bankr.N.D.N.Y. 1982). The failure to include the collector's address in the dunning letter (even though the address appeared on the envelope) was unfair since it nullified the consumer's rights under § 1692g(b).

36. The Letter fails to, inter alia, adequately advise the Plaintiffs of their rights.

37. Upon information and belief, the Defendant sent, or caused to be sent, several additional copies of the aforementioned letter to the Plaintiffs.

38. The aforementioned letter fails to disclose clearly that the Defendant was attempting to collect a debt, and that any information obtained would be used for that purpose, as required by 15 U.S.C. §1692(e)(11).

39. Upon information and belief, the aforementioned letter attempts to collect amounts that the Defendant knew, or should have known, were not owed by the Plaintiffs to Mivzah Realty Corp.

40. Upon information and belief, the aforementioned letter is deceptive and/or inherently contradictory, in violation of 15 U.S.C. §1692(e)(10).

41. That the Defendant, in attempting to collect from the Plaintiffs the aforementioned alleged past due debt, employing, inter alia, the acts and/or omissions described above, violated:

a) 15 U.S.C. §1692e generally, and specifically, 15 U.S.C. §1692e(2)(A); 15 U.S.C. §1692e(9); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(11) and/or 15 U.S.C. §1692e(14) by Defendant's initial communication, as described above;

b) 15 U.S.C. §1692f generally, and specifically 15 U.S.C. §1692g(4), by failing to state the right to dispute a portion of the debt and erroneously required any dispute to be in writing, and failing to state that the Plaintiffs could dispute "a portion of the debt."

c) 15 U.S.C. §1692g and 1692e(10) for failing to set forth the name and address of the debt collector in order for the consumer to contact the Defendant to dispute the debt;

d) 15 U.S.C. §1692f generally, and specifically 15 U.S.C. §1692g(a), by failing to advise the Plaintiffs of any of their rights as required by § 1692g in Defendant's initial communication or within five (5) days of said initial communication to the Plaintiff in connection with the collection of the aforementioned alleged debt; and

42. That because of the foregoing, the Plaintiffs, Efraim Setton and Sara Mina Setton have suffered actual and statutory damages in an amount to be determined at trial.

43. Upon information and belief, other persons hold the same or similar claims against the Defendant, for the Defendant's failure to notify them of their rights as mandated by 15 U.S.C. §1692g, within five (5) days after the initial communications substantially similar to those received by the Plaintiffs from the Defendant in the collection or attempted collection of rent, and/or other consumer debts within the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of themselves and the members of a class, as against the Defendant*

44. Plaintiffs restate, reallege, and incorporates herein by reference, paragraphs 1-43 as if set forth fully in this cause of action.

45. This cause of action is brought on behalf of Plaintiffs and the members of a class.

46. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by Cohen Hurkin Ehrenfeld Pomerantz &Tenenbum, LLP., asserting a debt owed to "Mivzah Realty Corp.", (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about May 25, 2011; (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, and (d) the letter contained violations of 15 U.S.C. §1692g(a), § 1692e(2)(A), §1692e(9), §1692e(10), §1692e(11), §1692e(14), §1692f, §1692g(4), §1692g(a), and §1692g(b) for Defendant's violation of defective mandatory disclosure requirements of the FDCPA.

47. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   b) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   c) The only individual issue is the identification of the consumers who received the collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   d) The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

   e) The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff interests are consistent with those of the members of the class.

48. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C.

1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

49. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

50. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## *Violations of the Fair Debt Collection Practices Act*

51. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

52. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiffs, respectfully request that this Court enter judgment in their favor and against the Defendant and award damages as follows:

a) Statutory and actual damages provided under the FDCPA, 15 U.S.1692(k);

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, NY
August 15, 2012

**Levi Huebner & Associates, PC**

By: _____
Levi Huebner (LH1360)

478 Malbone Street, Suite 100
Brooklyn, NY 11225
Phone:      (212) 354-5555
Facsimile:  (347) 350-8789

*Attorneys for Plaintiffs*
Efraim Setton &
Sara Mina Setton

Plaintiff requests trial by jury on all issues so triable

By: _____
Levi Huebner (LH1360)

## VERIFICATION

Sarah Mina Setton hereby affirms[1] under penalties of perjury the following pursuant to 28 U.S.C. § 1746:

I am the Plaintiff in the within action. I have read the foregoing Verified Complaint, that the same is true to my knowledge, except as to those matters therein stated to be upon information and belief, and as to those matters I believe them to be true.

*Sarah M. Setton*
Sarah Mina Setton

Affirmed:   Brooklyn, New York
August 16, 2012

Affirmed to before me this
16th day of August, 2012

_____
Notary Public

PAUL HUEBNER
Notary Public, State of New York
No. 02HU6157168
Qualified in Kings County
Commission Expires Dec. 4, 2014

---

[1] I submit this affirmation instead of a sworn affidavit for religious reasons.

10