

**Attorneys at Law**
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844   F. 516.294.8202
www.lbcclaw.com

**Matthew J. Bizzaro**
Associate
mbizzaro@lbcclaw.com

Writer's Direct Dial
(516) 837-7441

January 8, 2013

**VIA ECF**
Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6A
Brooklyn, New York 11201

      RE:  *Setton, Efraim, et ano v. Cohen, Hurkin Ehrenfeld Pomerantz & Tenenbum, LLP*
            Case No.:  CV-12-4102

Dear Judge Mauskopf:

      Our office represents the defendant, Cohen Hurkin Ehrenfeld Pomerantz & Tenenbaum, LLP, incorrectly s/h/a Cohen Hurkin Ehrenfeld Pomerantz & Tenenbum, LLP ("Defendant") in the above-referenced Fair Debt Collection Practices Act ("FDCPA") matter.

      This letter is written in response to the Order of this Court dated January 4, 2013 (the "Order") and to request a pre-motion conference, at which time permission will be sought to file a motion pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, dismissing the amended complaint of plaintiffs, Efraim Setton and Sara Mina Setton ("Plaintiffs").

      In their original complaint, Plaintiffs alleged that a letter sent to them by Defendant dated May 25, 2011, violated the FDCPA. *See, DE-1*. Plaintiffs, however, did not commence the instant lawsuit until August 16, 2012. *Id.* Therefore, the claims set forth in Plaintiffs original complaint are clearly barred by the statute of limitations.

      Now, in a last ditch attempt to salvage their lawsuit, Plaintiffs allege in their amended complaint that the letter was "communicated to" them on August 17, 2011. *See, DE-11, paragraph "13."*[1] Plaintiffs also claim that "Defendant intentionally failed to send the Letter to [them]...." *Id. at paragraph "14."* Plaintiffs further allege that they only became aware of the purported letter "when they examined the Kings County civil court file for the first time." *Id. at paragraph "15."* As a result, if this Court is to accept the allegations in Plaintiff's amended complaint as true (which Defendant vigorously denies), Plaintiffs nonetheless, fail to state a valid claim against Defendant for a violation of the FDCPA. Specifically, the FDCPA governs "communications," which term is

---

[1] As such, Plaintiffs allege that they filed the instant lawsuit one day before the applicable statute of limitations expired.

defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." *See, Section 1692a(2)*. Plaintiffs allege that they were not served with the written communication and did not receive same in the mail. *Id. at paragraphs "13" through "25."* Rather, Plaintiffs allege to have discovered the document when they searched the Court's file. Therefore, since Plaintiffs admit to have never actually received the written communication from Defendant, their claims should be dismissed. *See, Tromba v. M.R.S. Associates, Inc.*, 323 F.Supp.2d 424 (E.D.N.Y. 2004) (the court held that a notice sent by a debt collector to a debtor's attorney was not a "communication" subject to the requirements of the FDCPA"); *See also, Kropelnicki v. Siegel*, 290 F.3d 118 (2d Cir. 2002).

In addition, this office was only recently retained to represent Defendant in the within action. Therefore, we are still in the process of gathering all of the relevant information and documentation from our client, in order to determine if additional grounds for a motion to dismiss exist. Thus far, however, we have obtained from our client documentation, which contradicts certain of the allegations in the amended complaint, including a certified mail receipt regarding the notice sent to Plaintiffs, date-stamped May 31, 2011, along with an affidavit of service. It is respectfully submitted that these documents create a presumption that the notice was received and mere denial of receipt is insufficient to rebut same. *See, Saunders v. NCO Financial Systems, Inc.*, 2012 WL 6644278 (E.D.N.Y. 2012); *Leon v. Murphy*, 988 F.2d 303 (2d Cir. 1993); *Meckel v. Continental Resources Co.*, 758 F.2d 811 (2d Cir. 1985).

We are still in the process of obtaining and reviewing Defendant's entire file from the underlying landlord-tenant matter, upon which this lawsuit is based. I will be out of the country, however, from January 9, 2013 through and including January 13, 2013. As such, while we submit the instant letter pursuant to the Order, Defendant also reserves its right to raise supplementary arguments in support of a dispositive motion at the pre-motion conference, or in a subsequent letter, which are not set forth above. In the alternative, Defendant respectfully requests permission to submit an additional letter to the Court, if necessary, on or before January 18, 2013.

Thank you very much for your consideration of this request.

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

Matthew J. Bizzaro

MJB:dm
cc:   Levi Huebner, Esq. (via ECF)

