

**Attorneys at Law**
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

**Matthew J. Bizzaro**
Associate
mbizzaro@lbcclaw.com

Writer's Direct Dial
(516) 837-7441

January 22, 2013

***VIA ECF***

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6A
Brooklyn, New York 11201

    RE: *Setton, Efraim, et ano v. Cohen Hurkin Ehrenfeld Pomerantz*
       *& Tenenbum, LLP*
       Case No.: CV-12-4102

Dear Judge Mauskopf:

  Our office represents the defendant, Cohen Hurkin Ehrenfeld Pomerantz & Tenenbaum, LLP, incorrectly s/h/a Cohen Hurkin Ehrenfeld Pomerantz & Tenenbum, LLP ("Defendant") in the above-referenced Fair Debt Collection Practices Act ("FDCPA") matter.

  This letter is written pursuant to the Order of this Court dated January 15, 2013, and to supplement Defendant's letter dated January 8, 2013, requesting a pre-motion conference at which time permission will be sought to file a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the amended complaint of plaintiffs, Efraim Setton and Sara Mina Setton ("Plaintiffs").

  Our review of the file from the underlying landlord-tenant action (upon which Plaintiffs' lawsuit is based), has revealed additional documentation which contradicts certain of the allegations contained in the amended complaint. Therefore, while Defendant reiterates that the amended complaint should be dismissed for the reasons set forth in its letter dated January 8, 2013 alone, it hereby asserts additional reasons the requested relief should be granted.

  Initially, in the amended complaint, Plaintiffs allege that the written communication prepared by Defendant "fails to advise Plaintiffs that they can dispute a portion of the debt as well, which is an established violation." *See, DE-11, paragraph "35."* The Five Day Notice (the "Notice"), however, states in part as follows:

    TAKE FURTHER NOTICE, that pursuant to the Fair Debt Collection
    Practices Act unless you notify this office within 30 days after

> receiving this Notice that you dispute the validity of the debt *or any portion thereof*, this office will assume that the debt is valid. If you so notify this office in writing with 30 days of receipt, then this office will obtain verification of the debt and mail you a copy of such verification. If you, within that time, request the name and address of the original creditor, if different from this landlord, then this office will provide you with the name and address of the original creditor, if there is one other than this landlord. (Emphasis provided).

*See, Ex. "1."*

In fact, in paragraph "34" of the amended complaint, Plaintiffs cite this language as follows:

> The Letter also stated, in pertinent part: 'TAKE FURTHER NOTICE, that pursuant to the Fair Debt Collection Practices Act unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt *or any portion thereof*, this office will assume that the debt is valid. If you so notify this office in writing within 30 days of receipt, then this office will obtain verification of the debt and mail you a copy of such verification. (Emphasis provided).

*See, DE-11, paragraph "34."*

In the following paragraph, however, Plaintiffs allege that they were not advised that they could dispute a portion of the debt. *Id. at paragraphs "35" and "43."* Therefore, this allegation is without merit and contradicted by the relevant documentary evidence.

Additionally, in her affidavit submitted in support of Plaintiffs' motion seeking to vacate the judgment obtained against them by their landlord in the underlying proceeding, Ms. Setton states:

> My attorney obtained a copy of the complete file from the clerk of the court and he has provided me with copy of the Notice of Petition, Petition and "Affidavits of Service" for me to examine.

*See, Ex. "2", paragraph "7."*

Ms. Setton then proceeds to state that she was not served with the Notice and did not receive same in the mail. *Id. at paragraphs "8" through "16."*

Ms. Setton's affidavit further demonstrates that since Plaintiffs claim that the



-3-

Notice was not served upon them or mailed to them, it does not constitute a "communication," as defined under Section 1692a(2). For example, in *Tromba v. M.R.S. Associates, Inc.*, 323 F.Supp.2d 424 (E.D.N.Y. 2004), the Court found that a notice sent by a debt collector to a debtor's attorney was not a "communication" subject to the requirements of the FDCPA. *See also, Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir.2002) (Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior). In the instant action, Plaintiffs do not even allege that the Notice was sent to their attorney. Rather, Plaintiffs allege that the Notice was never served upon them or mailed to them, and that they only learned of it after their attorney traveled to the Civil Court, Kings County, reviewed the file, and notified them of same.

Finally, Plaintiffs allege: "Said Letter also fails to set forth the name and address of the debt collector in order for the consumer to contact the defendant to dispute the debt in violation of 15 U.S.C. 1692g and 1692e(10)." *Id. at paragraph "47."* Defendant contends, however, that the envelope in which it mails five day notices (including the Notice) contains its name and address, thereby permitting the recipient the opportunity to dispute the debt, or a portion thereof. As a result, it is respectfully submitted that the "least sophisticated consumer" would not be confused about the manner in which to dispute the foregoing debt, or a portion thereof.

Thank you very much for your consideration of this request.

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

Matthew J. Bizzaro

MJB:dm
cc:   Levi Huebner, Esq. (via ECF)



# EXHIBIT "1"

Case 1:12-cv-04102-RRM-SMG   Document 15   Filed 01/22/13   Page 4 of 11 PageID #: 64

FIVE DAY NOTICE

File # 0280000 - Form # T174228

May 25, 2011

TO: EFRAIM SETTON
    SARA MINA SETTON

    Apt: 2-B

    836 MONTGOMERY ST., BKLYN,
    NY, 11213-

Tenant of the above named premises:

TAKE NOTICE, that you are justly indebted to the Landlord of the above described premises in the sum of $2503.72 for rent of said premises from March 1, 2011 to May 31, 2011, which you are required to pay to on or before June 6, 2011, a date following expiration of five (5) days from the service of this Notice, or surrender up the possession of said premises to the landlord, in default of which the Landlord will commence summary proceedings under the Statute to recover the possession thereof.

More specifically, this notice is based upon your failure to make timely rental payments to your landlord as follows:

Arrears history:   May 11$  942.35 / Apr 11$  942.35 / Mar 11$  619.02

Total balance due: $2503.72

MIVZAH REALTY CORP.   Landlord

*** SEE IMPORTANT NOTICE ON REVERSE SIDE ***

## FAIR DEBT COLLECTION NOTICE

TAKE FURTHER NOTICE, that pursuant to the Fair Debt Collection Practices Act unless you notify this office within 30 days after receiving this Notice that you dispute the validity of the debt or any portion thereof, this office will assume that the debt is valid. If you so notify this office in writing within 30 days of receipt, then this office will obtain verification of the debt and mail you a copy of such verification. If you, within that time, request the name and address of the original creditor, if different from this landlord, then this office will provide you with the name and address of original creditor, if there is one other than this landlord.

Your right to inquire within the 30 date enumerated above shall not be superceded by the service of process before said time period expires. If so served however, be sure to respond by following the instructions contained in the notice of petition.

# EXHIBIT "2"

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART
---------------------------------------------------------X
MIVZAH REALTY CORP.

Index No.: 76724/11

          Petitioner/Landlord,

   - against -

EFRAIM SETTON
SARA MINA SETTON
836 MONTGOMERY STREET
BROOKLYN NY 11213
APT: 2-B

**AFFIDAVIT**

          Respondents/Tenants,
---------------------------------------------------------X
STATE OF NEW YORK )
COUNTY OF KINGS    ) SS.:

    Sarah Mina Setton, affirms[1] the following under penalties of perjury:

1. I reside at 836 Montgomery Street, Apartment B-2, Brooklyn, NY 11213, (the "Premises"), with my husband and three-year-old son and one-year-old daughter and I submit this affidavit in support of this motion to vacate the Notice of Eviction issued against Efraim Setton & Sarah Mina Setton in this action. The Notice of Eviction dated August 11, 2011 is attached to my attorney's affirmation as Exhibit "5.".

2. My husband and I and our two children are lawful tenants of the Premises.

3. We have resided at the Premises nearly four years and have always made timely rent payments and we are not in arrears.

4. We were never served with process.

5. Had we been served with papers of any kind we would have addressed the allegations immediately.

---

[1] I submit this affirmation instead of a sworn affidavit for religious reasons.

6. We only became aware of this action when were received the Marshals Notice of Eviction dated August 11, 2011.

7. My attorney obtained a copy of the complete file from the clerk of the court and he has provided me with copy of the Notice of Petition, Petition and "Affidavits of Service" for me to examine. Copies of the "Affidavits of Service" are attached to my attorney's affirmation as Exhibit "3.".

8. The "Affidavit of Service" dated May 31, 2011 alleges the following:

> On 05/31/11 at 10:21 am deponent served the attached Five Day Notice by affixing a true copy for each tenant/occupant upon a conspicuous part, to wit-the entrance door of said property sought to be recovered. Deponent was unable to find a person of suitable age and discretion willing to receive the same at this time during the prior attempt made on 05/27/11 at 7:33 p.m. . . . And on 5/31/11 . . . in the post office by **certified** mail.

9. The process server's allegations are untrue. I was home at the above referenced times and if someone would have knocked on the door or rang the bell I would have answered. The Five Day Notice was never attached to my door on May 27 or 31 of 2011.

10. On May 27, 2011 was a Friday and at 7:33 p.m. I would have been home with my two infant children because I am a Saturday Sabbath observer and I do not carry or travel during the Sabbath.

11. Additionally, at that time my daughter was less than a year old and could not walk and thus she would be home with me because I would not take her out of the house in a stroller on the Sabbath.

12. Contrary to the process server's allegations I never received the Five Day Notice by first class mail or certified mail let-alone any notice from the post office that I had certified mail. I am absolutely positive that the process server's allegation of service by certified mail is also a

2

fabrication. Copies of the "Affidavits of Service" are attached to my attorney's affirmation as Exhibit "3.".

13. The "Affidavit of Service" dated June 22, 2011 alleges the following:

> On 06/22/11 at 10:01 am deponent served the attached Notice of Petition and Petition by affixing a true copy for each tenant/occupant upon a conspicuous part, to wit-the entrance door of said property sought to be recovered. Deponent was unable to find a person of suitable age and discretion willing to receive the same at this time during the prior attempt made on 06/21/11 at 6:46 p.m. . . . And on 6/22/11 . . . in the post office by **certified** mail.

14. The process server's allegations are untrue. I was home at the above referenced hours and if someone would have knocked on the door or rang the bell I would have answered. The Notice of Petition and Petition were never attached to my door on June 21 or 22 of 2011.

15. At that time of the year I taught in an elementary school from 1:00 p.m. to 4:00 p.m. however, I was home in the mornings and evenings. Additionally, I would return home no later than 4:30 p.m. during the week because the baby sitter would leave. Also I was still nursing my infant daughter and I had to be home to nurse her and then prepare dinner for the family.

16. Contrary to the process server's allegations I never received the Notice of Petition and Petition by regular mail or certified mail let-alone any notice from the post office that I had certified mail. I am absolutely positive that the process server's allegation of service by certified mail is also a fabrication.

17. Additionally, my attorney showed me two documents dated June 24, 2011 entitled "Affidavits of Investigation" alleging that on June 24, 2011 Hersh Zarchi "called at premises no. [sic] 836 Montgomery St., Brklyn, [sic] NY  11213 – Apt: 2-B and had a conversation with" the Settons who identified themselves as Respondents. Copies of the "Affidavits of Investigation" are attached to my attorney's affirmation as Exhibit "6.".

3

18. However, same is simply not true. We do not have a landline in our apartment and I never received a call from Hirsh Zarchi on our cell phone that day. Furthermore, my husband is not home during the day and thus, he could not have received a call from Hersh Zarchi at the premises let alone when he was out of the house and I had the cell phone.

19. I am absolutely sure that Hersh Zarchi will never produce any phone records evidencing the alleged calls because they were never made.

20. In sum the allegations of Petitioner are not only false but provably false.

**WHEREFORE**, it is respectfully requested that Respondent's motion by Order to Show Cause be granted in all respects with such other and further relief as the Court may deem good and proper.

Dated: Brooklyn, New York
September 12, 2011

Sarah Mina Setton

Affirmed to before me on the
12th day of September, 2011

_____
Notary Public

PAUL HUEBNER
Notary Public, State of New York
No. 02HU6157168
Qualified in Kings County
Commission Expires Dec. 4, 2014

4