

Attorneys at Law
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

**Matthew J. Bizzaro**
Associate
mbizzaro@lbcclaw.com

Writer's Direct Dial
(516) 837-7441

October 6, 2014

***VIA ECF***

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6A
Brooklyn, New York 11201

      RE:    *Setton, Efraim, et ano v. Cohen Hurkin Ehrenfeld Pomerantz & Tenenbum, LLP*
              Case No.: CV-12-4102

Dear Judge Mauskopf:

      Our office represents the defendant, Cohen Hurkin Ehrenfeld Pomerantz & Tenenbaum, LLP, incorrectly s/h/a Cohen Hurkin Ehrenfeld Pomerantz & Tenenbum, LLP ("Defendant" or "the Firm") in the above-referenced Fair Debt Collection Practices Act ("FDCPA") matter.

      This letter is written to request a pre-motion conference, at which time permission will be sought to file a motion: (i) pursuant to Local Rule 6.3, seeking reconsideration of Your Honor's Order dated September 22, 2014, which denied Defendant's motion to dismiss the amended complaint of plaintiffs, Efraim Setton and Sara Mina Setton (collectively, "Plaintiffs" or "Mr. and Mrs. Setton"), and denied the Firm's motion seeking disqualification of Plaintiffs' counsel (the "Order"); or in the alternative, (ii) pursuant to 28 U.S.C. Section 1292, permitting the Firm leave to appeal the Order.

      Initially, it is respectfully submitted that in rendering its decision, this Court overlooked controlling decisions and factual matters referenced in Defendant's motion. *See, Pla v. Renaissance Equity Holdings LLC,* 2013 WL 3185560 (S.D.N.Y. 2013) ("Such a motion is appropriate where the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"). Specifically, Defendant contends that this Court erred in determining that the manner in which Plaintiffs allege to have first learned of the Five-Day Notice (the "Notice") constituted a "communication" under the Fair Debt Collection Practices Act ("FDCPA").

      In their original complaint, Plaintiffs failed to mention the unique manner in which they purportedly learned of the Notice. Following Defendant's argument that the instant lawsuit was

barred by the statute of limitations (the Notice was dated May 25, 2011 and served May 31, 2011, but the lawsuit was not commenced until August 16, 2012), Mr. and Mrs. Setton, for the first time, alleged that the Notice was never served upon them. Instead, in their amended complaint, Plaintiffs claimed that they first learned of the Notice on August 17, 2011 (one day before the statute of limitations based upon this date, would have expired), when their attorney discovered the Notice in the file maintained by the Civil Court, New York County, and delivered same to them. While Defendant understands that a "communication" under the FDCPA is defined broadly, no courts in the Second Circuit, or any other circuit, have expanded the definition to the fact scenario presented in the case at bar. As a result, it is respectfully submitted that this Court overlooked the relevant facts of this case, together with certain of the cases cited by the Firm in its motion papers, when it issued the Order.

In addition, the issue of whether a plaintiff who claims that a document was never mailed to him/her or his/her attorney, and that he/she only learned of the document when the attorney discovered same in a court file, constitutes a "communication" under the FDCPA, is a "controlling question of law" where "reversal of the district court's order would terminate the action." *See, Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro*, 921 F.2d 21(2d Cir. 1990) ("…it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action"); *See also, Stemcor UK LTD. v. Sesa Int'l LTD.*, 2009 WL 1424008 (S.D.N.Y. 2009) ("…a district court may certify an immediate appeal of an interlocutory order if the order (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b)….").

Permitting a plaintiff who alleges that a letter/notice was never sent to him/her or his/her attorney, but discovered by the attorney when reviewing a court's file months later, to proceed with a claim under the FDCPA, would drastically expand the definition of a "communication" under the statute. Therefore, if Defendants motion seeking reconsideration is denied, it is necessary for the Second Circuit Court of Appeals to review this controlling issue of law, which is one of first impression, and will advance the termination of this matter.

Finally, this Court determined that it was premature to disqualify Plaintiff's attorney as counsel, since it is unclear whether he will be called as a witness at the trial. It is respectfully submitted, however, that Plaintiffs cannot demonstrate the exact date(s) upon which the Notice was discovered by them and their attorney, or the manner in which it was delivered to them, without their attorney's testimony. These issues are extremely relevant in order to determine whether Plaintiff's claims are barred by the statute of limitations and whether the way in which Plaintiffs first learned of the Notice constitutes a "communication" under the FDCPA. In fact, Defendants will likely serve a subpoena upon Plaintiff's counsel directing him to appear for a deposition, regardless of whether Mr. and Mrs. Setton intend to call him as a witness at the trial in this action. As a result, it is respectfully submitted that Plaintiffs' attorney be disqualified as counsel. *See, New York Rules of Professional Conduct, Rule 3.7*



-3-

      Thank you for your kind consideration of this request.  If Your Honor has any questions, please feel free to contact the undersigned.

                                      Respectfully submitted,

                                      L'ABBATE, BALKAN, COLAVITA
                                        & CONTINI, L.L.P.

                                        Matthew J. Bizzaro

MJB:dm
cc:    Levi Huebner, Esq. (via ECF)

