# LEVI HUEBNER & ASSOCIATES, PC
## ATTORNEYS AND COUNSELORS AT LAW

478 MALBONE STREET, SUITE 100
BROOKLYN, NY 11225
TEL: (212) 354-5555
FAX: (347) 350-8789

EMAIL: NEWYORKLAWYER@MSN.COM

October 13, 2014

**Via ECF**

Honorable Roslynn R. Mauskopf
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 6A
Brooklyn, NY 11201

> **Re:** ***Efraim Setton, et al. v. Cohen Hurkin Ehrenfeld Pomerantz & Tenenbum, LLP***
> **CV-12-4102 (RRM-SMG)**

Dear Judge Mauskopf:

As you know this firm represents Plaintiffs in this matter.

The Defendant's application should be denied because the Defendant fails to reference any facts, specific case law or controlling statute which this Court overlooked in its Memorandum & Order dated September 22, 2014.

A motion for reconsideration is appropriate where a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court. "*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000); see also *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting a motion [for reconsideration] is strict, and . . . will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ."). "On such a motion, a party may not advance new facts, issues, or arguments not previously presented to the Court." *Polsby v. St. Martin's Press*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000). Alternatively, a motion for reconsideration may be granted to "correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983).

Local Rule 6.3 should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). A motion for reconsideration should not be considered an opportunity to "reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). Similarly, the purpose of Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a

decision and then plugging the gaps of a lost motion with additional matters."*Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

Motions for reconsideration proceed in the Eastern District of New York under Local Rule 6.3 "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *C-TC 9th Ave. P'ship v. Norton Co.* (*In re C-TC 9th Ave. P'ship*), 182 B.R. 1, 2 (N.D.N.Y. 1995). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."*Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship,* 182 B.R. at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader,* 70 F.3d at 257.

"[A] motion for reconsideration should not be used as a vehicle simply to voice disagreement with the Court's decision . . . nor does it present an occasion for repeating old arguments previously rejected or an opportunity for making new arguments that could have previously been made. "Premium (internal citations and quotations omitted); *see also Goonewardena v. North Shore Long Island Jewish Health System,* No. 11-CV-2456 (MKB), 2014 WL 1271197, at *4 (E.D.N.Y. Mar. 26, 2014).

*Orakwue v. City of New York*, Dist. Court, ED New York 2014 (Mauskopf, J.) ("Such a motion will be denied unless the movant can identify "controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (citations omitted); *see* E. & S.D.N.Y. Civ. R. 6.3 (requiring moving party to "set forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"). A motion for reconsideration is committed to the sound discretion of the district court. *Aczel v. Labonia,* 584 F.3d 52, 61 (2d Cir. 2009).")

Here, defendants have wholly failed to raise any basis for the court to reconsider its prior rulings. They continue to assert the same arguments previously addressed by the plaintiff and more importantly by your honors very through and well-reasoned decision. In other words, they have not offered any information—factual or legal—that would satisfy any of the three possible grounds warranting reconsideration.

In Johnson v. Ponce De Leon Federal Bank, Na, Dist. Court, ED New York 2014 (Mauskopf, J.) your Honor stated:

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Butto v. Collecto Inc.,* 845 F.Supp.2d 491, 494 (E.D.N.Y. 2012) (quoting *Trans-Pro Logistic Inc. v. Coby Electronics Corp.,* No. 05-CV-1759 (CLP), 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010)) (internal quotation marks omitted). A party requesting reconsideration must adduce controlling law or facts that were

overlooked by the Court that might materially have influenced its conclusion. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *Perez v. New York City Dep't of Corr.,* No. 10-CV-2697 (RRM) (RML), 2013 WL 500448, at *1 (E.D.N.Y. Jan. 17, 2013). Moreover, "[a] motion for reconsideration may not . . . be used as a vehicle for relitigating issues already decided by the Court." *Webb v. City of New York,* No. 08-CV-5145 (CBA), 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011) (quoting *Davidson v. Scully,* 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001)). Plaintiff's request does not demonstrate any clear error, highlight a change in controlling law, or present new evidence. *See Montblanc-Simplo GmbH v. Colibri Corp.,* 739 F.Supp.2d 143, 147 (E.D.N.Y. 2010). Nor does the letter establish that reconsideration is necessary to prevent manifest injustice. *Id.* As such, plaintiff's request for reconsideration of the Memorandum and Order dated April 9, 2014 is denied. **A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right.** *See* **28 U.S.C. § 2253(c)(2). The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith."** *(emphasis added)*

In short, the Defendant seeks only to re-litigate issues that have already been decided, and they do not proffer any facts or law with specificity that call into question the factual or legal soundness of the your honors extensive and very thorough decision.

Accordingly, this Court should deny Defendant's request to file a motion for reconsideration and certify that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from the denial would not be taken in good faith.

Respectfully submitted,

Levi Huebner & Associates, PC

/ s / Levi Huebner

_____
Levi Huebner

Cc:     Via ECF To:

Matthew J. Bizzaro, Esq.
L'Abbate, Balkan, Colavita & Contini, L.L.P.

*Attorneys for Defendant*